

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 17, 2004

The Honorable Wayne Smith
Chair, Committee on County Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0271

Re: Whether health care providers administering vaccinations in hospitals under the federal Medicare program are immune from liability for injuries caused by the vaccine (RQ-0227-GA)

Dear Representative Smith:

You ask whether health care providers administering vaccinations in hospitals under the federal Medicare program are immune from liability for injuries caused by the vaccine.[1]

You indicate that the Centers for Medicare and Medicaid Services ("CMS"), a federal agency, formulates guidelines known as "Conditions of Participation" ("CoPs") that health care providers must meet in order to participate in the federal Medicare program. *See* Request Letter, *supra* note 1, at 1. "Recently, CMS removed from its CoPs the requirement that in a hospital setting, a physician must write an individual order for each influenza and pneumonia vaccination given to his or her patients . . . ." *Id.* Vaccines may now be "administered based on a physician-approved hospital protocol for a standing order after an assessment of contraindications." *Id.* at 2.

Although preventative vaccines are a covered benefit under Medicare, and "CMS studies have shown that the use of standing orders is the most effective way" to increase the vaccination rate among elderly patients, the administration of these vaccines "is not a common procedure in hospitals." *Id.* Many hospital physicians are hesitant to prescribe immunizations "because of the looming threat of unknown liability for injuries that may come from the procedure." *Id.* Section 161.001(a) of the Health and Safety Code attempts to limit this liability under particular circumstances. You ask whether immunizations for the elderly in a hospital setting under CMS guidelines are within the exemption from liability authorized by section 161.001(a).

Section 161.001 of the Health and Safety Code provides:

> (a) A person who administers or authorizes the administration of a vaccine or immunizing agent is not liable for an injury caused by the

---

[1]*See* Letter from Honorable Wayne Smith, Chair, Committee on County Affairs, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (May 17, 2004) (on file with Opinion Committee, *also available at* www.oag.state.tx.us) [hereinafter Request Letter].

> vaccine or immunizing agent if the immunization is required by the
> board or is otherwise required by law or rule.

TEX. HEALTH & SAFETY CODE ANN. § 161.001(a) (Vernon 2001). "Board" is defined for purposes of title 2 of the Health and Safety Code, of which chapter 161 is a part, as the "Texas Board of Health." *Id.* § 11.001. For this immunity to apply, we have to determine whether it is required by the Board or otherwise required by law or rule.

You do not indicate that the Board itself requires immunizations for Medicare participants in a hospital setting. You suggest, however, that the CoPs implicitly require such immunizations. Section 482.23(c)(2) of title 42 of the Code of Federal Regulations provides, in relevant part:

> (2) All orders for drugs and biologicals must be in writing and signed by the practitioner or practitioners responsible for the care of the patient as specified under § 482.12(c) *with the exception of influenza and pneumococcal polysaccharide vaccines, which may be administered per physician-approved hospital policy after an assessment for contraindications.*

42 C.F.R. § 482.23(c)(2) (2003) (emphasis added). Neither this provision nor any other federal statute or regulation that we have found specifically *requires* that influenza and pneumococcal polysaccharide vaccinations be administered. Nor do we believe that such a requirement may be inferred from the language of section 482.23(c)(2).

Neither does any Texas statute require immunizations of elderly persons in a hospital setting. By contrast, section 161.0051 of the Health and Safety Code states that "[t]he board by rule shall require nursing homes to offer, in accordance with an immunization schedule adopted by the board: (1) pneumococcal vaccine to elderly residents; and (2) influenza vaccine to elderly residents and to staff who are in contact with elderly residents." TEX. HEALTH & SAFETY CODE ANN. § 161.0051(c) (Vernon 2001). Moreover, other statutes direct that "[h]ospitals shall be responsible for . . . administering needed vaccinations" to children or "referring the child for immunization." *Id.* § 161.004(b)(3) (Vernon Supp. 2004-05). These provisions indicate that when it wishes to require immunizations for specific categories of persons, the legislature knows how to do so. It has not done so with regard to Medicare patients in a hospital setting.

As we have noted, section 161.001 of the Health and Safety Code limits liability for persons who administer vaccines or immunizing agents only where "the immunization is required by the board or is otherwise required by law or rule." *Id.* § 161.001(a) (Vernon 2001). This office, like the courts, is obliged to give effect to legislative intent. *See City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex. 2003). To ascertain such intent, we first look to the plain and common meaning of each word of the statute. *See id.* "If a statute's meaning is unambiguous, we generally interpret the statute according to its plain meaning." *Id.* "When the purpose of a legislative enactment is obvious from the language of the law itself, there is nothing left" to construe. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 866 (Tex. 1999).

We conclude that section 161.001(a) of the Health and Safety Code does not provide immunity from liability for persons who administer vaccines or immunizing agents in a hospital setting to individuals covered by the federal Medicare program.

## S U M M A R Y

Section 161.001(a) of the Health and Safety Code does not provide immunity from liability for persons who administer vaccines or immunizing agents in a hospital setting to individuals covered by the federal Medicare program.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee